# P-SEND

## -O-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLA J. DASH,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>JO ANNE B. BARNHART,[1]<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 06-295-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[2] now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[3]

///

///

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, the current Commissioner of Social Security, is hereby substituted as the Defendant herein.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 6, 9.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("JS"), filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the opinion of Plaintiff's treating physician;
2. Whether the ALJ properly considered the lay witness testimony;
3. Whether the ALJ erred by failing to properly rate Plaintiff's mental impairment; and
4. Whether the ALJ properly evaluated Plaintiff's credibility.

(JS at 2.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

## III.

## DISCUSSION

**A.     Reversal Is Not Warranted Based on the ALJ's Alleged Error with Respect to the Opinions of Plaintiff's Treating Physician.**

The ALJ found that Plaintiff had the medically determinable impairments of low back pain due to degenerative disc disease of the lumbar spine, fibromyalgia, and depressive disorder, not otherwise specified. (AR at 19.) Plaintiff contends the ALJ erred because he rejected the opinions of Plaintiff's treating physician, Dr. Morales, without providing specific and legitimate reasons for doing so, and on the non-legitimate basis that Dr. Morales' opinion was offered as an accommodation to Plaintiff. (JS at 5.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1986)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

On December 8, 2003, Dr. Morales completed a Work Capacity Evaluation (Mental) on behalf of Plaintiff. (AR at 272-73.) On this two page check-box type form, Dr. Morales indicated moderate limitations in the abilities to understand and remember short and simple instructions, carry out short and simple instructions, perform activities within a schedule, maintain regular attendance, be punctual, sustain an ordinary routine without special supervision, make simple work-related decisions, interact appropriately with the general public, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (AR at 272-73.) Dr. Morales determined that Plaintiff had marked limitations in the abilities to maintain attention and concentration for extended periods, to work in coordination with or in proximity to others without being distracted by them, and to accept instructions and respond appropriately to criticism from supervisors. (AR at 272-73.) In July, August, and September of 2002, Dr. Morales' treatment notes reflected that Plaintiff experienced anxiety, dizziness, palpitations, increased blood pressure, and back pain. (AR at 194, 195, 198.) Dr. Morales opined that the first four conditions noted above "could all be explain[ed] by anxiety attack" but also ordered an echocardiogram to rule out heart problems. (AR at 198.)

Specifically, the ALJ rejected Dr. Morales' statements and opinions as follows:

> Treating Physician Morales' statements appear to be an accommodation to the claimant, are without medical basis and do not contain any specific physical or functional limitations. Dr. Morales' mental capacity evaluation is given little weight with respect to the claimant's alleged markedly limited abilities to maintain attention and concentration and to relate and interact with supervisors as inconsistent with the substantial objective evidence.

(AR at 18.)

Dr. Morales' mental capacity evaluation consisted solely of a check list for rating various work-related activities with respect to the degree of limitation from psychological factors, on a scale from slight to extreme. (AR at 272.) As such, to the extent that the form did not contain an explanation for Dr. Morales' conclusions, the ALJ may properly reject the assessment. Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases of their conclusions); see also Thomas, 278 F.3d at 957 (holding that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Moreover, contrary to Plaintiff's implications, the ALJ did not reject this entire assessment; he only rejected it to the extent it suggested Plaintiff had "markedly" limited abilities with respect to concentration, and to accept instruction and respond appropriately to criticism from supervisors, as these findings were inconsistent with the substantial objective evidence. (AR at 18.) The Court agrees.

Dr. Taylor, a consultative examiner and clinical psychologist, found Plaintiff only mildly to moderately impaired in her ability to relate to others, including supervisors, and to concentrate. (AR at 279.) Sheila Dash, Plaintiff's daughter, noted that Plaintiff has "no difficulties getting along with others," and "has no problems finishing jobs or following instructions." (AR at 117, 118.) The state agency physicians and Dr. Abejuela, an examining psychiatrist, found either no severe mental impairment or only mild limitations with respect to the abilities to concentrate or respond to supervisors. (AR at 157-61.) Thus, the ALJ's rejection of Dr. Morales' opinions that Plaintiff was "markedly" limited in these areas was supported by substantial evidence.

The Court also notes that Dr. Morales concluded that Plaintiff's mental impairment had not lasted, nor could it be expected to last, at least twelve months.

(AR at 273.) To qualify for disability benefits, a claimant must show that a medically determinable physical or mental impairment prevents her from engaging in substantial gainful activity, and that the impairment is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998); 42 U.S.C. § 423(d)(1)(A). Thus, even if the ALJ failed to properly reject Dr. Morales' mental assessment opinions, the error was harmless because this opinion is consistent with a finding of not disabled. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

With respect to Dr. Morales' medical treatment notes of July, August, and September 2002 (AR at 193-98), whether or not these statements constituted "an accommodation to the claimant," the Court agrees with the ALJ that these notes did not contain any specific physical or functional work-related limitations. They merely reflect Plaintiff's complaints to the doctor and his comments on their etiology, not how they would affect her work. Thus, there was no error in the ALJ discounting these treatment notes.

Based on the foregoing, and on its own review of the record, the Court finds no evidence that the ALJ improperly rejected the opinions of Plaintiff's treating physician. Thus, there was no error.

**B.      The ALJ's Failure to Discuss the Lay Witness Testimony of Plaintiff's Daughters Constituted Harmless Error.**

On April 23, 2003, Sheila M. Dash, Plaintiff's daughter, completed a third party Daily Activities Questionnaire on behalf of Plaintiff. (AR at 114-19.) In this statement, Ms. Dash indicated that Plaintiff spends most of her day resting or doing occasional housework; has a difficult time putting on pants and socks; does not bathe as often as she used to because of back discomfort; prepares her own meals or goes out with her friends; pays her own bills; does her own laundry; has help from others with yard work and dishes; is incapable of vacuuming, sweeping or

6

mopping; has no difficulty getting along with others; takes care of three dogs, one bird, and ten goldfish; has poor concentration but has no problems finishing jobs or following instructions; and experiences pain from her back problems.  (AR at 114-19.)

On September 29, 2004, Velma Friedman, Plaintiff's other daughter, prepared a letter stating that Plaintiff is in pain every day, takes medications to ease the pain and help her sleep, doesn't sleep well, "can hardly move on any given day," and "I watch her in pain all the time."  (JS at 7; AR at 122.)  The ALJ noted that Ms. Friedman also concluded that she believes the Plaintiff cannot work due to her pain and herniated disks.  (AR at 16.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence."  Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)) as well as to unsworn statements and letters of friends and relatives.  See Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 974 (9th Cir. 2000).  If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment.  Nguyen, 100 F.3d at 1467.  The ALJ must provide "reasons that are germane to each witness."  Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).  In failing to address a lay witness' statement, the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).

The ALJ is not relieved of his obligation to comment upon lay witness testimony simply because he has properly discredited the Plaintiff's testimony. To find otherwise would be based upon "the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms." Id. Similarly, the mere fact that the lay witness is a relative is not a valid reason for rejecting lay witness testimony. Regennitter v. Commissioner of the Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999).

In this case, the ALJ stated that although Ms. Friedman might "very well believe the claimant is in pain," Ms. Friedman has "no direct knowledge of her medical condition as the information is derived from the claimant." (AR at 18.) The Commissioner argues that the ALJ did not necessarily reject Ms. Friedman's statements, except to the extent that she suggested that Plaintiff was disabled and could not work because of her impairments, and even a treating physician's opinion is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2005). Moreover, even if Ms. Friedman's statements were fully credited, this Court finds that no reasonable ALJ could have reached a different disability determination based on those statements. Stout, 454 F.3d at 1056.

The ALJ did not mention Ms. Dash's questionnaire responses or whether and to what extent he credited those comments. It is quite possible that based on Ms. Dash's statements regarding Plaintiff's capabilities, the ALJ in fact did not reject Ms. Dash's statements. As noted, while acknowledging some limitations due to Plaintiff's back problems, Ms. Dash also stated that Plaintiff was able to prepare her own simple meals, pay her own bills, do her own laundry, get along with others, take care of the pets, finish jobs, and follow instructions. (AR at 114-19.) These statements are consistent with other evidence in the record and with the ALJ's findings. As with Ms. Friedman's letter, even if Ms. Dash's statements were fully credited, this Court finds that no reasonable ALJ could have reached a

different disability determination based on those statements. <u>Stout</u>, 454 F.3d at 1056.

Based on the foregoing, the Court agrees with the Commissioner that, even if the ALJ did not properly reject Ms. Friedman's statements or should have discussed Ms. Dash's statements, the error was harmless.

**C. The ALJ's Failure, If Any, to Specifically Rate Plaintiff's Degree of Functional Loss Resulting from Her Mental Impairment Constituted Harmless Error.**

In her third disputed issue, Plaintiff claims that the ALJ erred by failing to rate the degree of functional loss resulting from Plaintiff's mental impairment as required by 20 C.F.R. section 404.1520a. (JS at 7.) Plaintiff contends that failure to rate those areas was error. This Court disagrees.

The regulation Plaintiff relies upon applies to the ALJ's determinations under step two, i.e., the existence of a severe impairment. Section 404.1520a(c) provides the framework within which the ALJ should determine whether the claimant has a severe mental impairment. <u>Torres v. Barnhart</u>, 249 F. Supp. 2d 83, 95 (D. Mass. 2003). The regulations specify four broad areas in which to conduct the rating: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. The first three areas are rated on a five point scale (none, mild, moderate, marked, extreme), and the fourth on a four point scale (none, one or two, three, four or more). 20 C.F.R. 404.1520a(c). In no uncertain terms, 20 C.F.R. 404.1520a(c) states that the ALJ's "decision must include a specific finding as to the degree of limitation in each of the [four] functional areas." Plaintiff argues the ALJ failed to rate her in any of the categories.

To the contrary, in finding Plaintiff's impairments qualified as "severe," the ALJ implicitly rated Plaintiff in these areas. <u>See, e.g.</u>, <u>Brown v. Barnhart</u>, 285 F. Supp. 2d 919, 931 (S.D. Tex. 2003) (if the degree of functional loss falls below a

specified level in each of the areas, the ALJ must find the impairment "not severe," which generally concludes the analysis and terminates the proceedings).

The ALJ also explicitly gave great weight to the findings of several consultants who evaluated Plaintiff's mental impairments and loss of functioning in these specific areas. For instance, the ALJ gave great evidentiary weight to the opinion of clinical psychologist, Dr. Taylor, who discussed three of the four areas and found "the claimant has the ability to understand, remember, and carry out simple and moderately difficult job instructions and to maintain attention, concentration, persistence and pace. Her ability to relate and interact with supervisors, coworkers and the public is mildly to moderately impaired based on current mood, quality and level of depression." (AR at 15.) As a result, the ALJ also concluded that Plaintiff had a "mildly impaired ability to relate and interact with coworkers and supervisors."[4] (AR at 18.)

With respect to rating Plaintiff's activities of daily living, the ALJ found that "[t]he claimant has described good activities of daily living which are not limited to the extent expected, given the alleged complaints and disabling symptoms." (AR at 17.) The ALJ went on to note that Plaintiff "cleans her house, cooks meals, drives and transports family to medical appointments," and reported working three days a week. (AR at 17.) He gave great weight to the opinion of Dr. Taylor (AR at 18) who found that Plaintiff had a Global Assessment of Functioning ("GAF") score of 60-70. (AR at 17.) A GAF score of 60-70 is indicative of: [s]ome mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupation, or school functioning . . ., but generally functioning pretty well, has some meaningful interpersonal relationships." Diagnostic and Statistical Manual

---

[4] Social functioning includes the "ability to get along with others and, in work situations, 'responding appropriately to persons in authority (e.g., supervisors), or cooperative behaviors involving coworkers')." Arruda v. Barnhart, 314 F. Supp. 2d 52, 79 (D. Mass. 2004).

of Mental Disorders, 34 (4th ed. 2005).

The Court concludes that while the ALJ's techniques did not precisely track the regulations, the differences were not significant and were sufficiently similar to that required by the regulation to make remand unnecessary. See Molina v. Massanari, 2001 WL 1502587, at *7 (D. Me. Nov. 26, 2001). As there were no reported episodes of decompensation in the record, there was no need for the ALJ to rate Plaintiff on this area. Torres v. Barnhart, 249 F. Supp. 2d 83, 97 (D. Mass. 2003). Perhaps most importantly, the ALJ ruled in favor of Plaintiff at step two with respect to whether Plaintiff's impairments were severe, and a remand would only confirm that ruling. Arruda, 314 F. Supp. 2d at 81. Thus, any error was harmless.

**D.     The ALJ Properly Evaluated Plaintiff's Credibility.**

In her fourth disputed issue, Plaintiff contends that in finding Plaintiff not entirely credible, the ALJ failed to discuss Plaintiff's testimony, failed to identify what portions of Plaintiff's testimony he felt were not credible, and failed to identify any specific evidence that undermined that testimony. (JS at 14-15.) Plaintiff also claims that the only evidence discussed by the ALJ with respect to credibility was the lack of supporting medical records and that this method of credibility assessment has been rejected by the Ninth Circuit in Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). (JS at 13.)

An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors;" "[t]ype, dosage, effectiveness, and adverse side-effects of any medication;" "[t]reatment, other than

medication;" "[f]unctional restrictions;" "[t]he claimant's daily activities;" "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment;" and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnel v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc) (citations omitted); see also Soc. Sec. Ruling 96-7p;[5] 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

The Court agrees with the Commissioner that the ALJ set forth sufficient reasons for finding Plaintiff not entirely credible, including: the objective medical evidence and opinion evidence, the mental status scores suggesting symptom

---

[5] The Ruling lists factors to be considered such as: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Ruling 96-7p.

1 exaggeration, the fact she was working three days a week, the fact that her
2 medication has been generally successful in containing her symptoms, the fact that
3 she had no side effects from her medication, the fact that she was not undergoing
4 counseling or psychiatric treatment, her conservative treatment and lack of follow
5 up on recommended treatments, and her wide range of daily activities.  (JS at 16;
6 AR at 17-18.)

7       Accordingly, the Court finds that the ALJ's adverse credibility
8 determination was proper because (a) the discussion of Plaintiff's credibility
9 reflects consideration of the factors set forth in Social Security Ruling 96-7p, and
10 (b) the reasons were supported by substantial evidence and were sufficiently
11 specific to permit the Court to conclude that the ALJ did not arbitrarily discredit
12 Plaintiff's subjective testimony.

## IV.

## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: July 6, 2007

HONORABLE OSWALD PARADA
United States Magistrate Judge